UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHN L. ROSEMAN,<br><br>                    Plaintiff,<br><br>v.<br><br>DLJ MORTGAGE CAPITAL, INC., *et al.*,<br><br>                    Defendants. | Case No. 23-cv-11887<br>Honorable Shalina D. Kumar<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION TO DISMISS (ECF NO. 7)**

**I.     Introduction**

Plaintiff John L. Roseman, proceeding pro se, sues Defendants DLJ Mortgage Capital, Inc., and Select Portfolio Servicing (SPS), seeking to enjoin them from foreclosing on his home. ECF No. 1. The Honorable Shalina D. Kumar referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 8. Defendants move to dismiss under the doctrine of res judicata and for failure to state a claim. ECF No. 7. The Court **RECOMMENDS** that the motion be **GRANTED**.

## II. Background

This action concerns Roseman's property located at 24823 Cobblestone Court, Farmington Hills, MI 48336.  ECF No. 1, PageID.3.  Roseman obtained a mortgage and purchased the property in July 2016.  *See Roseman v. Wells Fargo Bank, N.A.*, No. 22-10054, Order Denying Pl.'s Mot. for TRO, ECF No. 16, PageID.289 (E.D. Mich.).  He defaulted on the mortgage in July 2019.  *Id.*, PageID.291.  DLJ is the current mortgage holder, and SPS is DLJ's attorney-in-fact under a limited power of attorney.  ECF No. 1, PageID.16, 18; ECF No. 7-2; ECF No. 7-3.  Defendants initiated foreclosure by advertisement proceedings and scheduled a foreclosure sale.  ECF No. 1, PageID.4, 29-30; ECF No. 7, PageID.53.

Roseman disputes the validity of the mortgage and brings claims against defendants for civil conspiracy, wrongful foreclosure, and slander of title.  ECF No. 1, PageID.4-11.  He asks for damages and to enjoin defendants from proceeding with the foreclosure.  *Id.*, PageID.12-13.  Roseman alleges that defendants conspired to wrongfully foreclose on the property after he advised them that the mortgage was invalid.  *Id.*, PageID.5-7.  He claims that the mortgage is unenforceable because defendants failed to discover that the property had a private road that the owner would need to maintain.  *Id.*, PageID.89; *see also* ECF No. 10,

PageID.82.  He also claims that defendants slandered his title by advertising the foreclosure sale publicly.  ECF No. 1, PageID.11.

This is not Roseman's first lawsuit seeking to enjoin a foreclosure on his home.  In January 2022, he filed an almost identical case in this district against Wells Fargo, the mortgage holder at that time.  He asserted the same claims, alleging that Wells Fargo conspired to wrongfully foreclose on his property after Roseman advised it that the mortgage was invalid and that the mortgage was unenforceable.  *Roseman*, No. 22-10054, Mot. to Amend Compl., ECF No. 17, PageID.315-326.  Judge Kumar dismissed that case for failure to state a claim.  *Roseman*, No. 22-10054, Order Denying Pl.'s Mot. for TRO, ECF No. 16, Order Denying Pl.'s Mot. to Am. and Dismissing Case, ECF No. 20.  Roseman's efforts to appeal Judge Kumar's order to the Sixth Circuit and the Supreme Court failed.  ECF No. 23; ECF No. 26.  Two months after the Supreme Court denied his petition for a writ of certiorari, he filed this case to try anew to enjoin the foreclosure of his property.

### III.   Analysis

**A.**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a

3

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a plausible claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id.* But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007). Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief.

4

*Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

Although the plausibility of a complaint is usually assessed on the face of the complaint, a court may also consider "any exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  Thus, the Court has considered filings in Roseman's prior federal case, the assignment of the mortgage to DLJ, and the limited power of attorney between DLJ and SPS.[1]  Those public records show that Roseman's current claims are barred under res judicata.

### B.

"Res judicata, often called 'claim preclusion,' is a judicially made doctrine with the purpose of both giving finality to parties who have already litigated a claim and promoting judicial economy; it bars claims that could have been litigated as well as those which were." *In re John Richards Homes Bldg. Co., L.L.C.*, 405 B.R. 192, 231 (E.D. Mich. 2009).  The

---

[1] The assignment and limited power of attorney are public records filed with the register of deeds.  *See* ECF No. 7-2; ECF No. 7-3.

doctrine's purpose is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

"The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). Under federal common law, a claim is barred by res judicata when four elements are met: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Browning v. Levy*, 283 F.3d 761, 771 (6th Cir. 2002) (cleaned up).

These elements are met. Roseman makes the same factual allegations and brings the same claims here as he did against Wells Fargo. And the basis for those claims is the same. Roseman alleges in both cases that defendants and Wells Fargo conspired to unlawfully foreclose on an invalid mortgage. ECF No. 1, PageID.5-6; *Roseman*, No. 22-10054, Mot. to Amend Compl., ECF No. 17, PageID.315-317. Roseman's wrongful foreclosure claims stem from his allegation that the mortgage was

invalid because defendants failed to discover that the property had a private road that the owner would need to maintain.  ECF No. 1, PageID.7-10; *Roseman*, No. 22-10054, Mot. to Amend Compl., ECF No. 17, PageID.317-322.  His slander of title claims also allege that defendants and Wells Fargo publicly advertised the foreclosure sale, leading to unfavorable information on his credit reports.  ECF No. 1, PageID.11; *Roseman*, No. 22-10054, Mot. to Amend Compl., ECF No. 17, PageID.324-326.  Judge Kumar rendered a final decision on the merits when she dismissed those claims in 2022.  *See Cobbs v. Katona*, 8 F. App'x 437, 438 (6th Cir. 2001) ("A prior Fed. R. Civ. P. 12(b)(6) dismissal for failure to state a claim upon which relief may be granted operates as an adjudication on the merits for issue and claim preclusion purposes.").

Judge Kumar found that Roseman's civil conspiracy claim was conclusory and provided "no facts whatsoever to support that claim." *Roseman*, No. 22-10054, Order Denying Pl.'s Mot. to Am. and Dismissing Case, ECF No. 20, PageID.368-369.  As for the wrongful foreclosure claim, Judge Kumar found that Wells Fargo, as the mortgage holder, had no duty to determine that the property had a private road, and that it complied with the statutory requirements for foreclosure by advertisement.  *Id.*, PageID.364.  Last, Judge Kumar dismissed the slander of title claim

7

because Roseman failed to plausibly allege that Wells Fargo made false statements or acted with malice by recording the mortgage or advertising the foreclosure sale, given that Wells Fargo was statutorily obligated to do so. *Id.*, PageID.368.

And defendants are in privity with Wells Fargo as later assignees of the same mortgage debt. *See Ludwig v. Twp. of Van Buren*, 682 F.3d 457, 462 (6th Cir. 2012) (privity exists when "there is a pre-existing substantive legal relationship between the person to be bound and a party to judgment, for instance preceding and succeeding property owners, bailee and bailor, or assignee and assignor"); *see also Scott v. Bank of Am., N.A.*, No. 21-11068, 2022 WL 4587839, at *4 (E.D. Mich. Sept. 29, 2022) (privity exists between successive mortgage holders under Michigan law); *Jodway v. Fifth Third Mortg. Co.*, 557 B.R. 560, 565-566 (E. D. Mich. 2016) (same).

Thus, Roseman's claims against defendants are barred under res judicata.

## C.

Even if res judicata did not apply, Roseman fails to state a viable claim for the same reasons described in Judge Kumar's opinion dismissing his claims against Wells Fargo.

Roseman adds a new theory that defendants' foreclosure is wrongful because they are "debt collectors" who lack standing to foreclose non-judicially under the Fair Debt Collections Practices Act (FDCPA). ECF No. 1, PageID.7. But even if defendants are "debt collectors," the FDCPA prohibits taking "nonjudicial action to effect dispossession or disablement of property" only if "(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement.one of three conditions is met." 15 U.S.C. § 1692f(6). Roseman has not alleged plausible facts showing that any of these conditions are met. Nor has Roseman alleged that defendants failed to adhere to Michigan's foreclosure by advertisement statute, Mich. Comp. Laws §§ 600.3201-3285.

## IV. Conclusion

The Court **RECOMMENDS** that defendants' motion to dismiss be **GRANTED** (ECF No. 7).

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: December 18, 2023

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 18, 2023.

                                              s/Marlena Williams
                                              MARLENA WILLIAMS
                                              Case Manager