UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN L. ROSEMAN,

        Plaintiff,

v.

DLJ MORTGAGE CAPITAL,
INC. et al.,

        Defendants.

Case No. 23-11887
Honorable Shalina D. Kumar
Magistrate Judge Elizabeth A. Stafford

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 12), ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS (ECF NO. 7), AND DISMISSING PLAINTIFF'S COMPLAINT (ECF NO. 1) WITH PREJUDICE**

## I.    Introduction and Procedural Background

Plaintiff John L. Roseman (Roseman), proceeding pro se, sues defendants DLJ Mortgage Capital, Inc. and Select Portfolio Servicing to enjoin them from foreclosing on his home. ECF No. 1. This matter was referred to the assigned magistrate judge for all pretrial purposes under 28 U.S.C. § 636(b)(1). ECF No. 8. On August 28, 2023, defendants filed a motion to dismiss Roseman's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Roseman filed his response (ECF No. 10), and on December 18, 2023, the magistrate judge issued a Report and

Recommendation (R&R). ECF No. 15.  Roseman filed objections (ECF No. 11) challenging the R&R, and defendants filed a response to Roseman's objections. ECF No. 14.  Although Roseman's objections are largely difficult to understand, and made without specificity, the Court identifies two discernable objections. These objections are now before the Court.

## II.     Standard of Review

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

> Moreover, objections must be clear so that the district court can discern those issues that are dispositive and contentious. In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. And, when objections are merely perfunctory responses rehashing the same arguments set forth in the original petition, reviewing courts should review a Report and Recommendation for clear error.

*Carroll v. Lamour*, 2021 WL 1207359, at *2 (E.D. Mich. Mar. 31, 2021) (cleaned up).

### III. Analysis

#### a. Objection 1

The R&R recommends the dismissal of Roseman's complaint because his claims are barred under res judicata and the complaint fails to state a viable claim. ECF No. 15. The magistrate judge determined that Roseman's claims are barred because they have already been litigated in his previous case against Wells Fargo, which the undersigned dismissed in 2022. *See Roseman v. Wells Fargo*, No. 22-10054 (E.D. Mich. May 5, 2022).

In his first objection, Roseman argues that the application of res judicata does not apply because his previous case against Wells Fargo "was not fully litigated" when it was dismissed sua sponte. ECF No. 12. Under federal common law, a claim is barred by res judicata when four

elements are met: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties of their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Browning v. Levy*, 283 F.3d 761, 771 (6th Cir. 2002) (cleaned up).

These elements have been met. The undersigned made a final decision on the merits of Roseman's case when it dismissed his complaint. *See Cobbs v. Katona*, 8 F.App'x 437, 438 (6th Cir. 2001) ("A prior Fed. R. Civ. P. 12(b)(6) dismissal for failure to state a claim upon which relief may be granted operates as an adjudication on the merits for issue and claim preclusion purposes.").

That the Court's original dismissal was sua sponte does not alter its preclusive effect. Sua sponte dismissal is permissible where (1) the defendants have been served; (2) all parties have been notified of the court's intent to dismiss the complaint; (3) the plaintiff has a chance to either amend the complaint or respond to the reasons stated by the district court in its notice of intended dismissal; (4) the defendants have a chance to respond; and (5) the district court ultimately states its reasons for

dismissal. *Wagenknecht v. United States*, 533 F.3d 412, 417 (6th Cir. 2008) (citing *Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983)). In this Circuit, the Court must give a plaintiff notice and opportunity to be heard before dismissing a case sua sponte for failure to state a claim. *See Nichols v. Cnty. Of Wayne*, 2018 WL 6505360, at *3 (E.D. Mich. Dec. 11, 2018), *aff'd sub nom. Nichols v. Wayne Cnty.*, 822 F. App'x 445 (6th Cir. 2020).

A review of the docket in Roseman's 2022 case shows the Court complied with the requirements for sua sponte dismissal. On April 4, 2022, the Court issued an Order Denying Motion for Temporary Restraining Order or Preliminary Injunction and Ordering Plaintiff to Show Cause which served "as notice to the Plaintiff that the Court intends to dismiss his case for failure to state a claim unless Plaintiff can articulate a legitimate legal basis for challenging his mortgage, as against this Defendant. If Plaintiff does not do so, the Court will dismiss his case with prejudice under Federal Rule of Civil Procedure 12(b)(6)." *Roseman*, No. 22-10054, ECF No. 16, PageID.305 (emphasis omitted). The Court gave Roseman fourteen (14) days to show cause as to why his case should not be dismissed for failure to state a claim. *Id*.

Three days later, Roseman filed a motion to amend his complaint which the Court construed as a response to its order to show cause. *Id.*, ECF No. 17.  Defendants filed a response, plaintiff replied, and after reviewing the pleadings, the Court issued an order denying plaintiff's motion and dismissing his case. *Id.*, ECF Nos. 18-20.  Plaintiff appealed (*id.*, ECF No. 21), and on January 25, 2023, the U.S. Court of Appeals for the Sixth Circuit issued its Order affirming this Court's dismissal of Roseman's case. *Id.*, ECF No. 23.

Further, defendants satisfy the other elements required to apply res judicata: the defendants in the instant case are in privity with Wells Fargo as later assignees of the same mortgage debt, and Roseman makes the same factual allegations and brings the same claims here as he did against Wells Fargo. Accordingly, Roseman's first objection is overruled.

### b. Objection 2

In his second objection, Roseman takes issue with the R&R's determination that he has once again failed to state a viable claim. The complaint in the instant case suffers from the same defects as the complaint this Court dismissed in 2022. *See* ECF No. 1; *Roseman*, No. 22-10054, ECF No. 1.

In an effort to preserve his case, Roseman adds allegations that defendants are "debt collectors" who lack standing to foreclose under the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* ECF No. 1, PageID.7. But for Roseman to state a claim based on the FDCPA, Roseman would have to provide the Court with a sufficient factual basis which articulates (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement. *See* 15 U.S.C. § 1692(f). Additionally, Roseman has not alleged that defendants failed to adhere to Michigan's foreclosure by advertisement statute, M.C.L. §§ 600.3201-3285, which could have been sufficient to state a claim. Because Roseman has failed to articulate a sufficient factual basis to support his claims, he does not state a viable action against defendants, and his complaint cannot withstand defendants' motion to dismiss. Accordingly, Roseman's second objection is overruled.

### IV.     Conclusion

For the reasons above, the Court **OVERRULES** Roseman's objections (ECF No. 12) and **ADOPTS** the magistrate judge's R&R recommending the dismissal of Roseman's complaint.

**IT IS ORDERED** that defendants' motion to dismiss (ECF No. 7) is **GRANTED** and Roseman's complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE.** All remaining motions are **TERMINATED AS MOOT.** Further, the Court warns Roseman that further filing of complaints relating to this instant action may result in him being enjoined from filing in the United States District Court for the Eastern District of Michigan without first seeking leave from the Court.

Dated: February 6, 2024

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge